Filed 7/22/26  P. v. Sangalang CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY SANGALANG,<br><br>Defendant and Appellant. | B339420<br><br>(Los Angeles County<br>Super. Ct. No. KA047369) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Johnny Sangalang, in pro. per.; Michael Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Johnny Sangalang appeals from an order denying his petition for resentencing under Penal Code[1] section 1172.75. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and Sangalang filed a supplemental brief. As we now explain, our independent review finds no arguable issue or error.

In 2000, Sangalang pleaded no contest to assault by means of force likely to produce great bodily injury with a great bodily injury enhancement (§§ 245, subd. (a)(1), 12022.7), and he admitted a one-year prior (§ 667.5, subd. (b)). A court sentenced him to eight years in prison. The sentence included a one-year term under section 667.5, subdivision (b).

In 2023, the California Department of Corrections and Rehabilitation (the department) identified Sangalang as a person potentially eligible for resentencing under Senate Bill No. 483. That bill made legally invalid any section 667.5, subdivision (b) enhancement except ones imposed for a sexually violent offense. The trial court appointed counsel for Sangalang, who filed briefing.

The People opposed resentencing on the ground Sangalang was no longer serving a sentence in this case. Instead, he was in custody serving a 25-years-to-life sentence imposed in 2011 in a different case. In a supplemental opposition, the People submitted counsel's declaration stating that the department's correctional case records manager represented that Sangalang had not been incarcerated on this case since May 2012, although he was still in custody serving an indeterminate sentence in

---

[1]     All further undesignated statutory references are to the Penal Code.

another case.  The People submitted worksheets supporting the manager's statements.

On July 17, 2024, the trial court found Sangalang ineligible for relief under section 1172.75 because he was no longer serving a sentence on this case.[2]

Sangalang appealed, and his appellate counsel filed a *Delgadillo* brief.  We directed counsel to send the record to Sangalang, and Sangalang filed a supplemental brief.  In his supplemental brief, Sangalang argued that he was entitled to resentencing because he has never left custody.

However, section 1172.75, subdivision (b), provides that the department shall identify persons "in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)."  The trial court must then "verify that the current judgment includes a sentencing enhancement described in subdivision (a)."  (§ 1172.75, subd. (c).)  Sangalang is not currently serving a judgment based on an enhancement under section 667.5, subdivision (b).  He is therefore not eligible for resentencing.  (See *People v. Escobedo* (2023) 95 Cal.App.5th 440, 451–452.)

Finally, to the extent Sangalang argues that new appellate counsel should be appointed for him or otherwise raises ineffective assistance of appellate counsel, we reject the argument and request for new appellate counsel.  (See generally *People v. Marsden* (1970) 2 Cal.3d 118; *People v. Lyons* (2009) 178 Cal.App.4th 1355, 1359, fn. 1 [appellate counsel is " ' "captain of

---

[2]     Counsel represented Sangalang at the hearing, but Sangalang was not present.  The trial court found that since it was merely determining eligibility for resentencing and not resentencing Sangalang, he did not have a right to be present.

the ship" ' " who decides what contentions are arguably meritorious].)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ASHWORTH, J.*

We concur:


ADAMS, Acting P. J.                              HANASONO, J.

---

\*      Retired Judge of the El Dorado Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.